**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (2578219)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 104828

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BWP MEDIA USA INC. d/b/a PACIFIC COAST NEWS,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL STATES MEDIA / MANAGEMENT, INC. d/b/a ADVANCED MEDIA PARTNERS, 98.5 KISS FM, KISSPEORIA.COM; MICHAEL S. REA; and ANNE E. REA,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT** |

BWP Media USA Inc. d/b/a Pacific Coast News ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Central States Media / Management Inc. d/b/a Advanced Media Partners, 98.5 KISS FM, Kisspeoria.com ("CSM"), Michael S. Rea ("Mr. Rea"), and Anne E. Rea ("Mrs. Rea") (hereinafter collectively referred to as "*Defendants*"), states and alleges as follows:

**INTRODUCTION**

1.  This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services, and owns the rights to photographs featuring celebrities that it licenses to online and print publications. Plaintiff has

1

obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendants own and operate a website known as www.kisspeoria.com (the "*Website*"). Without permission or authorization from Plaintiff, Defendants actively copied, stored, modified, and displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over CMS because CMS is an Illinois corporation and maintains its principal place of business in Illinois.

6. This Court has personal jurisdiction over Mr. Rea and Mrs. Rea (collectively the "Reas") because the Reas are domiciled in Illinois and maintain their principal places of business in Illinois. This Court also has personal jurisdiction over the Reas as they were served with process in Illinois.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

**I.    Plaintiff**

8. BWP is a Delaware corporation and maintains its principal place of business in Los Angeles County, California.

2

## II. **Defendant**

9. On information and belief, CMS is an Illinois corporation with a principal place of business in Peoria County, Illinois, and the Reas are individuals who reside in and also maintain their principal place of business in Peoria County, Illinois.

10. Mr. Rea is the Secretary of CMS, and Mrs. Rea is the President of CMS, and, on information and belief, all Defendants are liable and responsible to Plaintiff based on the facts herein alleged.

11. Defendants are the registered owners and operators of the Website and are responsible for its content.

12. CMS is a popular and lucrative enterprise whose Website purposefully displays celebrity and news photographs, including Plaintiff's copyrighted photographs.

13. The Website is monetized in that it contains paid advertisements and promotes Defendants' brand, and, on information and belief, Defendants profit from these activities.

14. Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, modified, stored and displayed Plaintiff's copyright-protected photographs (the "*Photograph(s)*"), as set forth in Exhibit "1," which is annexed hereto and incorporated in its entirety herein, on the Website.

15. On information and belief, the Photographs were copied, modified, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (the "*Infringement(s)*").

16. As is set forth more fully in Exhibit "1," each listed Infringement contains the Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and, therefore, constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

17. Each listed Infringement in Exhibit "1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendants on the Website.

18. Each Infringement listed in Exhibit "1" constitutes a separate and distinct act of infringement by Defendants.

19. On information and belief, Defendants take an active and pervasive role in the content posted on their Website, including, but not limited to copying, posting, selecting,

commenting on and displaying Plaintiff's Photographs.

20. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act (the *"DMCA"*) provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

21. Defendants' conduct is not safe-harbored by the DMCA, in that, on information and belief, Defendants have failed to register with the United States Copyright Office pursuant to 17 U.S.C. §512.

22. Yet, even if Defendants had registered with the United States Copyright Office, Defendants' conduct still would not be safe-harbored by the DMCA in that none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

23. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were unaware of the infringing activities, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

24. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

25. Additionally, on information and belief, Defendants, with "red flag" knowledge of the Infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

   (a) Defendants' employees and agents created, participated in, and commented on "threads," articles or postings similar to and including those featuring Plaintiff's copyrighted Photographs;

   (b) Defendants' employees and agents actively reviewed, monitored, commented on, deleted, and/or "cleaned" postings, articles, and threads similar to and including those featuring Plaintiff's copyrighted Photographs;

   (c) The Photographs are readily identifiable as copyright-protected as they contain a copyright watermark on the images, thereby making Defendants' infringement willful

as a matter of law.

26. Further, Defendants have the legal right and practicable ability to control or limit the infringing activities on their Website, and Defendants exercised, and/or had the ability to exercise, such right, which, on information and belief, is evidenced by the following:

(a) Defendants' employees and agents had complete control over and actively reviewed and monitored the content posted on the Website.

(b) Defendants admit that they monitor the content on the Website.

(c) Defendants' employees and agents actively review, modify and delete or "cleaned" postings, articles, and threads on the Website.

27. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, Defendants experienced increased traffic to the Website and, in turn, realized an increase their advertising revenues, readership and listenership base, sponsorship fees, partnership opportunities, and brand awareness. *17 U.S.C. §512(c)(1)(B).*

28. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

29. On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

30. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

31. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

32. The Photographs are original, creative works in which Plaintiff owns valid copyrights, properly registered with the United States Copyright Office.

33. Plaintiff has not licensed Defendants the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendants.

34. Without permission or authorization from Plaintiff, and in willful violation of its rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiff,

thereby violating Plaintiff's exclusive rights in its copyrights.

35. Defendants' reproduction and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

36. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

37. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

38. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

39. At all material times hereto, on information and belief, Defendants had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendants declined to exercise such right and ability in the instant case.

40. For example, on information and belief, Defendants had the practicable ability to police the images on the Website when its employees and agents edited, modified and/or interacted with the Photographs, and, therefore, had the right and ability to supervise and control the infringing Photographs.

41. As a direct and proximate result of Defendants' refusal to exercise their right to stop or limit the infringing conduct, on information and belief, Defendants' members have continued to infringe upon Plaintiff's Photographs, which, in turn, generates profits for Defendants directly from the use of the Infringements.

42. On information and belief, Defendants enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue derived from the increased traffic to the Website and from an increase in fees paid by sponsors.

6

43. On information and belief, Defendants further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue, sponsorship fees, partnership opportunities, brand awareness, and its readership and listenership base.

44. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

45. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

46. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

47. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

## FOURTH COUNT
*(Attorneys' Fees and Costs Pursuant to 17 U.S.C. §505)*

48. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

49. Plaintiff requests, pursuant to 17 U.S.C. §505, its attorneys' fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enter a judgment finding that Defendants have infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up

to $150,000 per infringement, or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: April 14, 2016

        **SANDERS LAW, PLLC**

      /s/ Craig B. Sanders_____
Craig B. Sanders, Esq. (2578219)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:104828